[Civ. No. 34752.  Second Dist., Div. One.  Mar. 4, 1970.]

JOHN S. PROVENCIO, Plaintiff and Appellant, v.
GORDON MERRICK, JR., et al., Defendants and Respondents.

## Counsel

James J. Oppen and Frances O. Drummond for Plaintiff and Appellant.

Spray, Gould & Bowers and Arthur O. Aragon for Defendants and Respondents.

## Opinion

**GUSTAFSON, J.**—In a personal injury action judgment was entered upon a verdict for the defendants. Plaintiff appeals.

After plaintiff and defendants had rested their cases in chief, attorney James J. Oppen, trial counsel for plaintiff, called as a witness attorney Arthur O. Aragon, trial counsel for defendants. The trial had originally been set for August 6, 1968. A continuance to December 16, 1968, was granted to defendants over the opposition of plaintiff on the basis of Mr. Aragon's declaration under penalty of perjury that "the testimony of Officer W. J. Drevs is essential to the defense of this action, in that he investigated the accident in which the above lawsuit arises and he will be on vacation

from August 5, 1968 to August 27, 1968." Officer Drevs was not called as a witness by defendants at the trial and Mr. Oppen sought to show by examination of Mr. Aragon that in the light of the ground for continuance there was "suppression of evidence" from which the jury could have inferred that the testimony of the officer would have been adverse to defendants. Objection was sustained to the introduction of evidence concerning the representations made by Mr. Aragon to obtain the continuance.

Plaintiff contends on appeal "that Mr. Aragon had wilfully and fraudulently suppressed the evidence of Officer Drevs . . . , that he would have been entitled to an instruction on wilful suppression of evidence, and a further alternative instruction that the evidence, if produced, would have been adverse to Mr. Aragon and his client." For these contentions plaintiff relies upon *Hays* v. *Viscome* (1953) 122 Cal.App.2d 135 [264 P.2d 173, 39 A.L.R.2d 1435]. That reliance is misplaced.

In *Hays* the crucial question was the extent of the damages suffered by plaintiff. Defendants' attorney had exercised his right to have a physician of his choice examine plaintiff. Defendants rested without calling the physician as a witness. The plaintiff's attempt to show that the examination had taken place was foreclosed by the trial judge. On appeal this ruling was held to be prejudicial error. While not free from doubt, it appears from the opinion that the error lay in foreclosing plaintiff from showing that defendants produced "weaker and less satisfactory evidence" than that which was within their power to produce (Evid. Code, § 412) rather than that there was "willful suppression" of the testimony of the physician. (Evid. Code, § 413.)

In the case at bench the offer of proof falls far short of indicating that Mr. Aragon willfully suppressed the officer's testimony. Mr. Aragon did not, for example, ask the officer to leave the state or to secrete himself so that he could not be served with a subpoena. Mr. Aragon simply felt that he had no need for the officer's testimony and thus did not call him.

But even if plaintiff had sought to invoke the provisions of section 412 of the Evidence Code, he would properly have been foreclosed from doing so. In *Hays* the physician who was not called as a witness by the defendants had been employed by the defendants' attorney for the purpose of testifying as an expert witness. There was, therefore, a peculiar relationship between the defendants' attorney and the physician. Plaintiff's attorney there understandably did not subpoena the physician who presumably was prepared to testify favorably for defendants. When defendants did not call the physician as a witness, it was appropriate for plaintiff to show that the physician had examined plaintiff at defendants' request thereby permitting the jury

to infer that the physician's testimony would have been adverse to defendants.

█ In the case at bench, the officer who was not called was not the defendants' employee. The officer was a public employee who did not witness the accident, but who investigated it. He was as available to the plaintiff as he was to the defendants. As the author of *Hays* recognized in *Patton* v. *Royal Industries, Inc.* (1968) 263 Cal.App.2d 760 [70 Cal. Rptr. 44] instructions based on either section 412 or section 413 of the Evidence Code are not appropriate where each party "had an equal opportunity to call" a particular person as a witness.

Although plaintiff's attorney asserts that he did not subpoena the officer in reliance upon Mr. Aragon's declaration that the officer was essential to the defense, plaintiff's attorney made no motion for the continuance to enable him to subpoena the officer when he discovered that the officer would not be called by the defense. Had plaintiff's attorney moved for a continuance, denial of the motion would have raised the question of whether the court abused its discretion. There is nothing in the record to indicate what the officer's testimony would have been. The case had been tried once before and resulted in a verdict for plaintiff which was set aside by an order granting a new trial. Neither side called the officer at the first trial. Presumably plaintiff's attorney felt that he could prevail at the second trial, as he had at the first, without the officer's testimony.

The judgment is affirmed.

Lillie, Acting P. J., and Thompson, J., concurred.